FISHER & PHILLIPS LLP
MARK J. RICCIARDI, ESQ.
Nevada Bar No. 3141
300 South Fourth Street
Suite 1500
Las Vegas, NV  89101
Telephone:    (702) 252-3131
Facsimile:     (702) 252-7411
E-Mail Address:  mricciardi@laborlawyers.com

AKIN GUMP STRAUSS HAUER & FELD LLP
Lawrence Levien
Eric Field
Elizabeth Cyr
1333 New Hampshire Ave., NW
Washington, DC  20036-1564
Telephone:  (202) 887-4000
llevien@akingump.com
efield@akingump.com
ecyr@akingump.com

(Application for Admission Pro Hac Vice Pending)

*Attorneys for JB Viva Vegas, L.P.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JB VIVA VEGAS, L.P., ) | |
| ) | |
| Plaintiff, ) | Case No. 2:16-cv-01130 |
| ) | |
| v. ) | |
| ) | |
| NEVADA RESORT ASSOCIATION- ) | |
| IATSE LOCAL 720 RETIREMENT ) | |
| PLAN, ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS <u>COMPLAINT FOR LACK OF JURISDICTION</u>**

1

FPDOCS 31848222.1

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................... ii

INTRODUCTION ...............................................................................................4

PRELIMINARY STATEMENT ............................................................................4

BACKGROUND .................................................................................................7

    A.    Withdrawal Liability ...............................................................................8

    B.    Administrative Review and Arbitration Requirement .....................8

    C.    Entertainment Industry Exception to Withdrawal Liability .............9

    D.    Fund's Amendment to the Trust Agreement to Eliminate the Entertainment Rule .........................................................................10

    E.    Plaintiff's Action ...................................................................................11

LEGAL STANDARD ........................................................................................11

ARGUMENT ....................................................................................................11

I.    ERISA Provides a Cause of Action Not Subject to Arbitration for Plaintiff to Challenge the Trust Agreement's Amendment to the Entertainment Rule. ....................................................................................................11

II.    Plaintiffs Claim is not Subject to Mandatory Arbitration. .........................12

CONCLUSION .................................................................................................16

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

# **TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp.*,
 522 U.S. 192 (1997)..................................................................................8

*Bd. of Trustees of Constr. Laborers' Pension Trust for S. Cal. v. M.M. Sundt Constr. Co.*,
 37 F.3d 1419 (9th Cir. 1994) (per curiam).........................................................11

*Borntrager v. Cent. States, Se. & Sw. Areas Pension Fund*,
 425 F.3d 1087 (8th Cir. 2005) ..................................................................9

*Carl Colteryahn Dairy, Inc. v. W. Pa. Teamsters & Emps. Pension Fund*,
 847 F.2d 113 (3d Cir. 1988)....................................................................10

*Findlay Truck Line, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund*,
 726 F.3d 738 (6th Cir. 2013) ..................................................................11

*Heavenly Hana LLC v. Hotel Union & Hotel Indus. of Haw. Pension Plan*,
 No. 14-cv-03743-JCS, 2016 U.S. Dist. LEXIS 16466 (N.D. Cal. Feb. 10, 2016) ........................................................................................10

*Peick v. Pension Benefit Guaranty Corp.*,
 724 F.2d 1247 (7th Cir. 1983) ..................................................................9

*Skilstaf, Inc. v. CVS Caremark Corp.*,
 669 F.3d 1005 (9th Cir. 2012) ..................................................................8

*Starr v. Baca*,
 652 F.3d 1202 (9th Cir. 2011) ..................................................................8

*T.I.M.E.-DC, Inc. v. Mgmt.-Labor Welfare & Pension Funds, of Local 1730 Int'l Longshoreman's Ass'n*,
 756 F.2d 939 (2d Cir. 1985)....................................................................9

*Teamsters Pension Trust Fund-Bd. of Trs. of W. Conference v. Allyn Transp. Co.*,
 832 F.2d 502 (9th Cir. 1987) ..................................................................11

**STATUTES**

28 U.S.C. § 2201................................................................................1, 9

Employee Retirement Income Security Act of 1974, as amended ("ERISA"),
 29 U.S.C.§ 1001.................................................................................1

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

29 U.S.C. § 1381..................................................................................................5

29 U.S.C. § 1383..................................................................................................4

29 U.S.C. § 1383(a)..............................................................................................5

29 U.S.C. § 1383(c) (the "Entertainment Rule") ........................................... passim

29 U.S.C. § 1383(c)(1).....................................................................................6, 9

29 U.S.C. § 1383(c)(4).....................................................................................2, 7

29 U.S.C. § 1391..................................................................................................5

29 U.S.C. § 1399(b)(2)(A)...................................................................................5

29 U.S.C. § 1401..................................................................................................3

29 U.S.C. § 1401(a) ...................................................................................1, 6, 12

29 U.S.C. § 1401(a)(1).....................................................................................3, 9

29 U.S.C. § 1401(a)(2)........................................................................................7

29 U.S.C. § 1451..........................................................................................3, 12

29 U.S.C. § 1451(a) ...............................................................................1, 7, 8, 9

29 U.S.C. § 1451(c) .............................................................................................2

29 U.S.C. § 1451(d) ............................................................................................2

**OTHER AUTHORITIES**

29 C.F.R. § 4221.10(c)........................................................................................7

Fed. R. Civ. P. 12(b)(6)..............................................................................1, 8, 13

Fed. R. of Civ. P. 57............................................................................................1

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

## INTRODUCTION

This Court should deny Defendant's Motion to Dismiss. JB Viva Vegas, L.P., ("JB" or "Plaintiff") has pled sufficient facts to state a valid claim for relief under ERISA § 4301(a), 29 U.S.C. § 1451(a), which entitles JB to declaratory relief under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. Defendant's tortured interpretation of ERISA's arbitration provision effectively reads ERISA § 4301(a) out of the statute. Accordingly, Defendant, Nevada Resort Association-IATSE Local 720 Retirement Plan (the "Plan" or "Defendant"), is not entitled to a dismissal of JB's Complaint under Federal Rule of Civil Procedure 12(b)(6).

## PRELIMINARY STATEMENT

Defendant wrongly moves for this Court to dismiss Plaintiff's Complaint because the Plan incorrectly claims that Plaintiff first must initiate arbitration under ERISA's mandatory arbitration provision. *See* 29 U.S.C. § 1401(a). What the Defendant conveniently fails to tell this Court is that Plaintiff cannot initiate ERISA arbitration, because the triggering event for Plaintiff to do so has not even occurred. Defendant has not assessed withdrawal liability against Plaintiff, because Plaintiff has not withdrawn from the Plan. *See Id.* Plaintiff is not challenging a withdrawal liability determination at all. Therefore, the mandatory arbitration provision of ERISA does not apply. Defendant cites a series of cases holding that an employer challenging a withdrawal liability determination must first arbitrate any dispute concerning the determination, which is all well and good but for the fact that Plaintiff is <u>not</u> challenging a withdrawal liability determination.

Instead, Plaintiff alleges that Defendant violated the Employee Retirement Income Security Act of 1974, as amended, ("ERISA"), 29 U.S.C. § 1001, et al., by adopting an impermissible amendment to the Trust Agreement (restated as of January 1,

- 4 -

FPDOCS 31848222.1

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

2003, and as amended thereafter) (the "Trust Agreement") (relevant section attached as Exhibit A (DE 9-1) to Defendant's Motion to Dismiss (DE 8)) governing the Plan. Compl. ¶ 13.   Defendant's offending amendment effectively eliminates the "entertainment industry" withdrawal liability rule established by ERISA § 4203(c), 29 U.S.C. § 1383(c) (the "Entertainment Rule") for all employers contributing to the Plan. ERISA permits multiemployer pension plans to exclude a "group" or "class" of employers from the application of the "Entertainment Rule," but does not permit a plan to limit the application of the rule based on any criteria other than "group" or "class" or to eliminate the rule altogether.  29 U.S.C. § 1383(c)(4).

Contrary to Defendant's claim, ERISA § 4301(a), 29 U.S.C. § 1451(a), expressly provides a cause of action, <u>not</u> subject to mandatory arbitration, for an "employer . . ., who is adversely affected by the act or omission of <u>any party under this subtitle</u> with respect to a multiemployer plan . . . [emphasis added]."[1]  *Id.*  An employer adversely affected by an act or omission "may bring an action for appropriate legal or equitable relief, or both."  *Id.*  The district courts of the United States have exclusive jurisdiction of an action brought under ERISA § 4301(a).  29 U.S.C. § 1451(c).  And an employer may bring such action in the district where the plan is administered.  29 U.S.C. § 1451(d).  The Fund is administered in Las Vegas, Nevada.  Compl. ¶ 2.

Defendant's Board of Trustees, the Plan's sponsor under ERISA § 3(16)(B), 29 U.S.C. § 1002(3), (16)(B), adopted an amendment to the Trust Agreement that created liability for Plaintiff and other contributing employers if they withdraw from the Plan and stop performing covered work in the jurisdiction of the Plan; but for this amendment no such liability exists.  Compl. ¶ 15.  This amendment to the Trust

- 5 -

FPDOCS 31848222.1

Agreement, therefore, is the epitome of an act relating to employer withdrawals that adversely affects employers.

Defendant incorrectly claims that ERISA requires arbitration of Plaintiff's suit, because Plaintiff's challenge to Defendant's amendment to the Trust Agreement is premised on ERISA § 4203(c). However, ERISA § 4221, 29 U.S.C. § 1401, only requires arbitration of a dispute over a *determination* made under ERISA §§ 4201-4219. Defendant has not made any determination in this case. And Plaintiff is not challenging a determination, but rather Plaintiff is seeking a declaratory judgment as to whether the amendment to the Trust Agreement is valid and enforceable. Plaintiff is adversely affected by this amendment and needs a determination as to its validity <u>before</u> making any future decision about withdrawing from the Plan.

As further evidence that arbitration is not required, the arbitration requirement under ERISA is not even triggered until <u>after</u> a multiemployer pension plan assesses withdrawal liability against an employer. 29 U.S.C. § 1401(a)(1). Therefore, currently Plaintiff cannot even initiate arbitration under ERISA's arbitration provision. Additionally, there is no language in ERISA § 4301(a) requiring an employer to arbitrate before an action under that section can be brought in the district courts. *See* 29 U.S.C. § 1451. So, given that Plaintiff cannot yet initiate arbitration, because there has been no withdrawal liability assessment or even a withdrawal, and given that ERISA § 4301(a) does not require arbitration before an action can be brought under this section, it only makes sense that Plaintiff's Complaint should proceed.

Conversely, under Defendant's logic, before an employer can challenge any action by the plan sponsor of a multiemployer pension plan that adversely affects the

---

[1] The referenced subtitle is Subtitle E of Title IV of ERISA, "Special Provisions for Multiemployer Plans." There can be no legitimate dispute that a multiemployer plan is included in "any party under this

- 6 -

employer, the employer must sit idly by until it withdraws from the fund, and then the employer must wait months or years until it receives a withdrawal liability assessment, before it can challenge the fund's actions as unlawful. But by this time, it is too late. An employer must be able to determine before it withdraws whether a plan amendment—that so obviously contradicts the language of ERISA—is valid. If so, an employer may make a different business decision respecting withdrawal. Given the growing magnitude of withdrawal liability in many multiemployer plans, it is vital that employers have answers before deciding whether to terminate their contribution obligation.

This Court should deny Defendants' motion to dismiss because ERISA (i) expressly authorizes the relief JB seeks in the Complaint; (ii) prohibits Defendant's elimination of the Entertainment Rule and (iii) does not require that this dispute be arbitrated, or even provide a mechanism for this dispute to be arbitrated.

**BACKGROUND**

JB currently makes monthly pension contributions to the Fund, by virtue of its collective bargaining agreement with IATSE Local 720[2], for work performed in the entertainment industry—stagehands work on JB's theatrical production of the musical "Jersey Boys" at Paris Hotel & Casino in Las Vegas, Nevada. Compl. ¶ 8. Defendant is a multiemployer pension plan primarily covering employees in the theater, motion picture, radio, television, sound or visual recording, music and dance industries. Compl. ¶ 9. If Defendant's amendment is valid, JB faces withdrawal liability if it chooses to close the "Jersey Boys." *See* 29 U.S.C. § 1383.[3] Therefore, whether the

---

subtitle."

[2] Plaintiff's collective bargaining agreement with IATSE Local 720 is expiring, and subject to renegotiation, in November 2016.

[3] Based on Plaintiff's most recent withdrawal liability estimate, Plaintiff would incur withdrawal liability in excess of $250,000 if it stopped contributing to Defendant and Defendant's amendment was valid.

- 7 -

FPDOCS 31848222.1

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

amendment is legal affects Plaintiff's decisions regarding "Jersey Boys" and Plaintiff's other productions that may be mounted in Las Vegas, because whether Plaintiff would owe withdrawal liability is dependent on all of its productions in the Plan's jurisdiction. *See* 29 U.S.C. § 1383.

### A.   Withdrawal Liability

Under ERISA Section 4201, 29 U.S.C. § 1381, if an employer either partially or completely withdraws from an underfunded multiemployer pension plan to which that employer has been making contributions, the employer is liable to the plan for its pro rata share of the plan's underfunding (commonly referred to as "withdrawal liability"). An employer's withdrawal liability is calculated pursuant to a formula established by ERISA based on the employer's share of the plan's unfunded vested benefits and, unfortunately, is often a very large number.  *See* 29 U.S.C. § 1391.  For purposes of ERISA, an employer is considered to have "withdrawn" from a plan when the employer ceases to have an obligation to contribute to the plan because, for example, the employer shut down operations or finished a project, even if that project was always understood to be temporary, as is often the case in the entertainment industry.  See 29 U.S.C. § 1383(a).

### B.   Administrative Review and Arbitration Requirement

If an employer withdraws from a multiemployer pension plan, is assessed withdrawal liability, and disagrees with any part of the assessment, before the employer can challenge the assessment, the employer must request that the plan sponsor of the multiemployer pension plan review the assessment.  29 U.S.C. § 1399(b)(2)(A).  In its request, an employer may ask the plan sponsor to review any specific matter relating to the determination of the employer's liability or payment schedule, including any inaccuracy in the amount of unfunded vested benefits allocated to the employer.  *Id.*

FPDOCS 31848222.1

- 8 -

Under ERISA's arbitration provision, either party may initiate arbitration: (1) within 60 days after the multiemployer pension plan's sponsor responds to an employer's request for review of its withdrawal liability assessment; or (2) if the plan sponsor fails to respond to the request for review, 120 days after an employer's request for review of its withdrawal liability assessment. 29 U.S.C. §1401(a). Alternatively, the employer and plan sponsor may jointly initiate arbitration within 180 days <u>after</u> the plan sponsor's assessment of withdrawal liability against the employer. *Id*. But there is no provision in ERISA requiring arbitration when there has been neither (1) a withdrawal liability assessment; or (2) an employer withdrawal. And an employer is not even permitted to arbitrate a dispute until after it has requested review of the plan sponsor's withdrawal liability determination. *Id.*

### C.     **Entertainment Industry Exception to Withdrawal Liability**

Recognizing that imposing withdrawal liability on employers in the entertainment industry each time an employer finishes a project (e.g., closes a production which has run its profitable life span) would result in a massive and unfair economic penalty that could potentially cripple the entire entertainment industry, Congress carved out an exception, commonly known as the "Entertainment Rule." See ERISA Section 4203(c)(1), 29 U.S.C. § 1383(c)(1). The Entertainment Rule is an exception to the general withdrawal liability rule for employers, like the Plaintiff-employer, that contributes to a multiemployer pension plan for work performed in the entertainment industry. *Id.*

Under the Entertainment Rule, an employer performing work in the entertainment industry on a temporary or project basis who then stops performing such work is not withdrawn from a multiemployer pension plan so long as the employer performs no work in the jurisdiction of the plan that previously required contributions.

- 9 -

FPDOCS 31848222.1

*Id.* An employer must avoid performing such work for a full five plan years after the employer's last contribution. *Id.* If the employer does perform work during that five-year period in the jurisdiction of the plan that previously required contributions and does <u>not</u> contribute to the plan, then such employer will be deemed to have withdrawn as of the date of the employer's last contribution. *Id.*

ERISA does, however, permit multiemployer pension plans subject to the Entertainment Rule ("Entertainment Plan") to exclude a "group or class of employers" from the application of the Entertainment Rule. 29 U.S.C. § 1383(c)(4). But there is not a provision in ERISA that permits an Entertainment Plan to exclude all of its contributing employers from the application of the Entertainment Rule or to limit the application of the Entertainment Rule based on criteria other than "group or class." *Id.*

### D.   Fund's Amendment to the Trust Agreement to Eliminate the Entertainment Rule

Defendant amended its Trust Agreement to eliminate the application of the Entertainment Rule for all employers who contributed to the Plan for more than 12 months and for the top ten contributing employers to the Plan during any of the five years preceding the relevant employer's withdrawal. Compl. ¶ 13.[4] This exclusionary language is not based on a "group or class" of employer but rather on the amount or duration of an employer's contributions. 29 U.S.C. § 1383(c)(4); *see* DE 9-1. Moreover, as a practical matter, this rule eliminates the Entertainment Rule for all employers. Once an employer contributes to the Plan and twelve months pass, if the

---

[4] JB has no knowledge why the Plan's sponsor adopted this clearly unlawful amendment to the Trust Agreement. The Plan's sponsor also amended the Trust Agreement (Section 4.4(c)) to add another—equally if not an even more egregiously unlawful—provision that would require an employer challenging in good faith the Plan's withdrawal liability assessment to pay the Plan's attorney's fees and costs in direct violation of 29 C.F.R. § 4221.10(c). *See* DE 9-1. Under ERISA § 4221(a)(2), 29 U.S.C. § 1401(a)(2), Congress delegated to PBGC the authority to promulgate rules governing the withdrawal liability dispute process, and PBGC determined that attorney's fees may only be granted if a party engages in bad faith during the arbitration. 29 C.F.R. § 4221.10(c). This amendment to the Trust

- 10 -

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

employer ever contributes to the Plan again it loses the benefit of the Entertainment Rule, and would be assessed withdrawal liability once the then current project requiring contributions ends.

### E. Plaintiff's Action

Plaintiff filed this action under ERISA § 4301(a), 29 U.S.C. § 1451(a), because the amendment to the Trust Agreement is an act that adversely affects Plaintiff and that concerns employer withdrawals. Plaintiff, however, is not challenging Defendant's determination of withdrawal liability, because Plaintiff has not withdrawn and Defendant has not assessed withdrawal liability.

**LEGAL STANDARD**

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a cause of action only if the plaintiff has failed to plead sufficient facts to plausibly suggest that the plaintiff is entitled to relief. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In determining whether a plaintiff has pled sufficient facts to support a plausible claim for relief, the court assumes that the facts pled in the complaint are true and construes them in the light most favorable to the plaintiff. *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1014 (9th Cir. 2012).

**ARGUMENT**

**I.  ERISA Provides a Cause of Action Not Subject to Arbitration for Plaintiff to Challenge the Trust Agreement's Amendment to the Entertainment Rule.**

Section 4301(a) of ERISA, 29 U.S.C. § 1451(a), authorizes an employer to bring an action against a plan or plan sponsor if it is adversely affected by an act or omission by the plan sponsor that relates to employer withdrawals. *See Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp.*, 522 U.S. 192, 203

---

Agreement just further illustrates the Plan's sponsor's utter disregard for the rules and regulations under

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

FPDOCS 31848222.1

(1997) (holding section 1451(a) determines which parties have standing to bring an action under this section). Here, Plaintiff challenges the amendment to Defendant's Trust Agreement eliminating the Entertainment Rule, a rule affecting employer withdrawals. Accordingly, JB's challenge to the legality of the amendment that effectively eliminates the Entertainment Rule and adversely affects the Plaintiff is a cause of action authorized by ERISA § 4301(a).

Plaintiff's suit is similar to claims brought in other circuits where the courts have recognized an employer's authority under ERISA § 4301(a), 29 U.S.C. § 1451(a), to challenge a plan's actions. For example, in *Borntrager v. Central States, Southeast & Southwest Areas Pension Fund*, the Eighth Circuit held that an employer has the right to bring a declaratory judgment action under 28 U.S.C. § 2201 and ERISA § 4301(a), 29 U.S.C. § 1451(a), to challenge a multiemployer pension plan's expulsion of such employer from the plan. 425 F.3d 1087, 1089-90, 1092-93 (8th Cir. 2005). Similarly, in *Peick v. Pension Benefit Guaranty Corp.*, the Seventh Circuit held that an employer had the right to challenge the constitutionality of ERISA's withdrawal liability provisions because the employer was adversely affected by the imposition of withdrawal liability. 724 F.2d 1247, 1258-59 (7th Cir. 1983).

Neither the *Borntrager* case nor the *Peick* case was arbitrated before they were litigated in the federal courts, nor should this case. Because Plaintiff's suit is not a challenge to a withdrawal liability determination, the arbitration requirement simply is inapplicable.

**II.     Plaintiffs Claim is not Subject to Mandatory Arbitration.**

ERISA *only* requires arbitration of disputes "concerning a *determination* made under" 29 U.S.C. §§ 1381-1399 [emphasis added]. 29 U.S.C. § 1401(a)(1). Even

though Plaintiff's challenge is based on Defendant's violation of ERISA § 4203(c)(1), 29 U.S.C. § 1383(c)(1) , Plaintiff is not challenging a determination by Defendant under the enumerated provisions. In fact, Plaintiff's challenge does not contest any determination at all.  Rather, Plaintiff only challenges the lawfulness of an amendment to Plan's Trust Agreement.

Both the Second and Third Circuits have found that disputes between employers and plan sponsors that do not involve the resolution of facts necessary to calculate withdrawal liability, are not subject to mandatory arbitration.  In *T.I.M.E.-DC, Inc. v. Management-Labor Welfare & Pension Funds, of Local 1730 International Longshoreman's Ass'n*, 756 F.2d 939, 945 (2d Cir. 1985), the Second Circuit held that the issue of the fund's compliance with ERISA's transfer of assets rule, a condition precedent to the fund's assessment of withdrawal liability against the employer, was not subject to mandatory arbitration.   Similarly, the Third Circuit, in *Carl Colteryahn Dairy, Inc. v. Western Pennsylvania Teamsters & Employers Pension Fund*, 847 F.2d 113, 118-19 (3d Cir. 1988), refused to require an employer challenging the fund's assessment of withdrawal liability to arbitrate because the employer's challenge was that it was fraudulently induced by the union to contribute to the plan, a challenge that did not involve the fund's calculation of withdrawal liability.

If JB were simply challenging Defendant's calculation of withdrawal liability, JB would be required to exhaust administrative remedies and then, if necessary, initiate arbitration.    But JB's declaratory judgment suit does not challenge a determination, instead JB only challenges whether the legal authority exists to eliminate ERISA's Entertainment Rule.  This case is far more clean-cut than either *T.I.M.E.-DC or Colteryahn*, because there is not even a withdrawal liability determination, or any other Defendant determination, that is in dispute.  As explained above, Plaintiff could not

- 13 -

FPDOCS 31848222.1

even initiate arbitration under ERISA's mandatory arbitration provisions if it wanted to do so, because it has not been assessed withdrawal liability and has not even withdrawn from the Plan.

In the Defendant's Motion to Dismiss, it cites multiple circuit court opinions where the court concluded that disputes relating to withdrawal liability determinations were subject to mandatory arbitration.  But in each and every case, the multiemployer pension plan involved had already assessed withdrawal liability, and the dispute before the respective courts involved a challenge to the employer's withdrawal liability assessment. *See Heavenly Hana LLC v. Hotel Union & Hotel Indus. of Haw. Pension Plan*, No. 14-cv-03743-JCS, 2016 U.S. Dist. LEXIS 16466, at *20 (N.D. Cal. Feb. 10, 2016) (Court did not require arbitration in this case because dispute did not involve a withdrawal liability determination but rather a successor liability claim); *see also Teamsters Pension Trust Fund-Bd. of Trs. of W. Conference v. Allyn Transp. Co.,* 832 F.2d 502, 504-06 (9th Cir. 1987)(Employer waived right to challenge withdrawal liability assessment because <u>after</u> it received a withdrawal liability assessment it requested review of the assessment but then failed to initiate arbitration) *Findlay Truck Line, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund,* 726 F.3d 738, 740, 755-56 (6th Cir. 2013) (Employer challenging a withdrawal liability assessment that it had <u>received</u>, based on the labor dispute exception, was required to arbitrate its dispute); *Bd. of Trustees of Constr. Laborers' Pension Trust for S. Cal. v. M.M. Sundt Constr. Co.,* 37 F.3d 1419, 1420-21 (9th Cir. 1994) (per curiam) (arbitration was required because the dispute involved the determination of withdrawal liability).  Plaintiff does not dispute that challenges to a withdrawal liability determination must be arbitrated.  But the Plan fails to cite to any case where a court found that ERISA's mandatory

- 14 -

FPDOCS 31848222.1

arbitration provision applies even to ERISA disputes not involving a withdrawal liability determination. This omission is likely, because no such case exists.

Lastly, Defendant spends considerable time arguing Plaintiff's claim does not fall into any of the exceptions to ERISA's mandatory arbitration provisions that have been recognized by several circuits. But this argument misses the point, and Plaintiff need not establish that its suit falls into any of these exceptions. This analysis simply is unnecessary, because an exception to the mandatory arbitration provision would only be relevant if the mandatory arbitration provision would apply but for the exception. But the mandatory arbitration provision cannot apply in this case, because there has not been a withdrawal or a withdrawal liability determination.

It is only common sense that in order for Plaintiff's suit to be subject to mandatory arbitration that it must be possible for Plaintiff to initiate arbitration (unless Plaintiff had missed the statutory deadlines, which is not the case here). The Plan, however, fails to explain how Plaintiff can initiate arbitration over this dispute when ERISA § 4221(a), 29 U.S.C. § 1401(a), does not permit either party to initiate arbitration, either individually or jointly, until <u>after</u> the plan has assessed withdrawal liability. The reason that the Plan does not explain this conundrum is because Defendant knows that it is not possible for Plaintiff to initiate arbitration at this time. So what Defendant really is arguing is that employers, like Plaintiff, do not have the ability to challenge any action by plan sponsors of multiemployer pension plans that may cost employers millions of dollars in withdrawal liability, at least not until after the employer has withdrawn and incurred the liability.

But nowhere in ERISA § 4301, 29 U.S.C. § 1451, is there any language requiring an employer to wait until after it withdraws to bring an action under this section. In fact, after an employer withdraws and has gone through the arbitration

- 15 -

FPDOCS 31848222.1

process, ERISA § 4301 is unnecessary. An employer may bring a suit to challenge an arbitrator's award under ERISA § 4221(b)(2), 29 U.S.C. § 1401(b)(2). Therefore, unless employers can bring suits in federal court before there is a withdrawal liability assessment, and before mandatory arbitration is triggered, authorization of employer suits relating to employer withdrawals under ERISA § 4301 would be meaningless. In other words, Defendant's logic reads section 4301 out of ERISA—a ridiculous result. JB's suit, therefore, is authorized under § 4301 and is not subject to mandatory arbitration, as the Defendant has not assessed withdrawal liability and JB has not withdrawn.

**CONCLUSION**

WHEREFORE, for the reasons stated above, this Court should deny Defendants' Motion to Dismiss under both Fed. R. Civ. P. 12(b)(6) because JB has stated a valid cause of action upon which relief can be granted.

Dated:  June 30, 2016

>                                   Respectfully submitted,
>
>                                   /s/ Mark J. Ricciardi, Esq.
>                                   FISHER & PHILLIPS LLP
>                                   Mark J. Ricciardi, ESQ.
>                                   Nevada Bar No. 3141
>                                   300 South Fourth Street
>                                   Suite 1500
>                                   Las Vegas, NV  89101
>                                   Telephone:     (702) 252-3131
>                                   Facsimile:     (702) 252-7411
>                                   E-Mail Address:
>                                   mricciardi@laborlawyers.com

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada  89101

AKIN GUMP STRAUSS HAUER & FELD LLP
Lawrence Levien
Eric Field
Elizabeth Cyr
1333 New Hampshire Ave., NW
Washington, DC  20036-1564
Telephone:  (202) 887-4000
llevien@akingump.com
efield@akingump.com
ecyr@akingump.com
(Application for Admission Pro Hac Vice Pending)

*Attorneys for JB Viva Vegas, L.P.*

## CERTIFICATE OF ELECTRONIC SERVICE

This is to certify that on the 30th day of June, 2016, the undersigned, an employee of Fisher & Phillips LLP, electronically filed the foregoing PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT FOR LACK OF JURISDICTION  with the U.S. District Court, and a copy was electronically transmitted from the court to the e-mail address on file for:

Adam P. Segal, Esq.
Bryce C. Loveland, Esq.
Christopher M. Humes, Esq.
Brownstein Hyatt Farber Schreck, LLP
*Attorneys for Defendant*


By:  /s/  Lorraine James-Newman
     An employee of Fisher & Phillips LLP

FISHER & PHILLIPS LLP
300 S Fourth Street, Suite 1500
Las Vegas, Nevada 89101

FPDOCS 31848222.1

- 17 -