# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JB VIVA VEGAS, L.P., | Case No. 2:16-cv-01130-APG-NJK |
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| NEVADA RESORT ASSOCIATION-IATSE LOCAL 720 RETIREMENT PLAN, | |
| Defendant. | (ECF Nos. 27, 28) |

Plaintiff JB Viva Vegas, L.P. (JB) filed this lawsuit seeking a declaratory judgment that an amendment regarding withdrawal liability in defendant Nevada Resort Association-IATSE Local 720 Retirement Plan's (the Plan) Trust Agreement is unenforceable. The Plan initially moved to dismiss the action, arguing that JB failed to exhaust its administrative remedies because it did not first bring its claims in arbitration. I denied that motion, holding that the arbitration requirement was not yet triggered because JB had not withdrawn from the Plan. ECF No. 21.

Both parties now move for summary judgment. The Plan argues in part that the arbitration requirement has now been triggered because JB withdrew and the Plan assessed withdrawal liability. Thus, the Plan contends, JB must bring its claims in arbitration. In response, JB argues that I cannot reconsider my prior ruling that the arbitration requirement had not been triggered. It contends its challenge is still not to an individual determination of withdrawal liability but instead to a provision of the plan applicable to all contributing employers, and therefore is not subject to arbitration.

The parties are familiar with the facts, and I will not repeat them here except where necessary. I grant the Plan's motion for summary judgment. JB has withdrawn from the plan and been assessed withdrawal liability, and its dispute is about whether it owes withdrawal liability, a question that must be arbitrated.

## I. ANALYSIS

Under the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), "[a]ny dispute between an employer and the plan sponsor concerning a determination made under sections 1381 through 1399 of [ERISA] shall be resolved through arbitration." 29 U.S.C. § 1401(a)(1). This mandatory arbitration is "not a jurisdictional prerequisite to federal court review" but rather "constitutes an exhaustion of administrative remedies requirement." *Bd. of Trs. of Constr. Laborers' Pension Tr. for S. Cal. v. M. M. Sundt Constr. Co.*, 37 F.3d 1419, 1420 (9th Cir. 1994) (per curiam). Exceptions to the exhaustion requirement are rare, and "apply only in extraordinary circumstances, such as, when the arbitral process would be futile or would cause the plaintiff irreparable injury." *Id.* at 1421. "[Q]uestions of statutory interpretation are not excepted from arbitration under MPPAA." *Teamsters Pension Tr.–Bd. of Trs. of the W. Conference v. Allyn Transp. Co.*, 832 F.2d 502, 504 (9th Cir. 1987).

The mandatory arbitration provision "applies where an employer contests the existence or the amount of an alleged liability." *Carpenters Pension Tr. Fund for N. Cal. v. Moxley*, 734 F.3d 864, 870 (9th Cir. 2013). In other words, where the issue is the establishment of withdrawal liability, arbitration is required. *Allyn Transp. Co.*, 832 F.2d at 506.

In my previous order denying the Plan's motion to dismiss, I held that the arbitration provision had not yet been triggered because there had been no withdrawal or assessment of withdrawal liability. ECF No. 21 at 2–3. In fact, the Plan determined that JB had withdrawn in September 2016 and assessed withdrawal liability of $913,315. ECF No. 27-7 at 11.

JB argues that I must follow the law of the case, namely my finding in the previous order that arbitration was not triggered. Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue previously decided by the same court . . . in the identical case." *Milgard Tempering, Inc. v. Seals Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990). "Application of the doctrine is discretionary," but it should not be applied "in only three instances: (1) the first decision was clearly erroneous and would result in manifest injustice; (2) an intervening change in the law has occurred; or (3) the evidence . . . [is] substantially different."

*Id.* JB contends none of these circumstances occurred here, but the evidence in front of me is substantially different than it was on the motion to dismiss. There is now evidence of a withdrawal and individualized determination as contemplated by § 1401. JB's argument that the Plan should have raised this evidence before my ruling on the motion to dismiss is inapposite, as the Plan's argument at that stage was that such a withdrawal trigger was unnecessary. Therefore, I find that I am not precluded from reconsidering whether JB must arbitrate its claim.

Although styled as a challenge to an amendment affecting all contributing employers, this dispute is at its core about the existence of JB's withdrawal liability. JB contends that an amendment in the Plan's Trust Agreement—limiting the exception to withdrawal liability for certain entertainment industry employers found in § 1383(c) of the MPPAA—is invalid. Depending on the determination of the amendment's validity, JB may be liable for withdrawal payments. The establishment or existence of withdrawal liability is a question that must be brought in arbitration before judicial review is sought. *See Moxley*, 734 F.3d at 870; *Allyn Transp. Co.*, 832 F.2d at 506. JB has not shown that arbitration would be futile or that it would be irreparably harmed by arbitration. Therefore, this dispute is subject to the MPPAA's mandatory arbitration provision, and JB has failed to exhaust its administrative remedies.

## II. CONCLUSION

IT IS THEREFORE ORDERED that defendant Nevada Resort Association-IATSE Retirement Local 720 Pension Plan's motion for summary judgment **(ECF No. 27) is GRANTED.**

IT IS FURTHER ORDERED that plaintiff JB Viva Vegas, L.P.'s motion for summary judgment **(ECF No. 28) is DENIED.** The parties must proceed to arbitration regarding withdrawal liability. The clerk of court is ordered to close this case.

DATED this 29th day of May, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE